UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09272-JAK (RAOx) | Date | September 29, 2025 |
| Title | Gayane Shahnazaryan, et al. v. Joseph B. Edlow, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| D. Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. 2) JS-6**

## I. Introduction

On September 29, 2025, Gayane Shahnazaryan and Mnatsakan Melikyan (collectively, "Plaintiffs") commenced this action by filing a complaint (the "Complaint") in which Joseph B. Edlow, Kristi Noem, and Marco Rubio are named as defendants (collectively, "Defendants"). Dkt. 1. The Complaint advances three causes of action: (1) arbitrary and capricious agency action in violation of the Administrative Procedure Act (5 U.S.C. § 706(2)(A)); (2) agency action contrary to law in violation of the Administrative Procedure Act (5 U.S.C. § 706(1)–(2)); and (3) a mandamus claim pursuant to the Mandamus Act (28 U.S.C. § 1361)). *Id.* at 4.

Concurrently with the filing of the Complaint, Plaintiffs filed a Motion for Temporary Restraining Order (the "Motion"). Dkt. 2. The Motion seeks an immediate order that vacates the denial of Plaintiffs' Form I-485 Applications to Register Permanent Residence or Adjust Status (the "Applications"), and requires Defendants to reopen Plaintiffs' Applications, lawfully adjudicate them before September 30, 2025, and allocate visa numbers to Plaintiffs if their Applications are approved before September 30, 2025. *Id.* at 1.

No opposition to the Motion has been filed. However, in light of the timing of events that led to the filing of the Motion, and in accordance with Local Rule 7-15, it is determined that the Motion can be decided without oral argument. For the reasons stated in this Order, the Motion is **DENIED**. Further, because pursuant to the Immigration and Nationality Act, this Court does not have jurisdiction over Plaintiffs' claims, this action is **DISMISSED**.

## II. Background

### A. The Parties

Plaintiffs are citizens of Armenia who are presently residing in Glendale, California. Dkt. 1 at 2. Noem is the Secretary of the Department of Homeland Security, Edlow is the Director of U.S. Citizenship and Immigration Services ("USCIS") and Rubio is the Secretary of State. *Id.* Each Defendant is sued in his or her official capacity. *Id.*

B. Substantive Allegations in the Complaint

Shahnazaryan and Melikyan entered the United States on January 27, 2022 and November 3, 2021, respectively, and each was inspected and paroled pursuant to INA § 212(d)(5)(a). *Id.* at 3. It is further alleged that Plaintiffs have maintained continuous lawful presence through timely-filed and pending Form I-589 applications for asylum so that they can remain in the United States. *Id.*

It is alleged that Plaintiffs were selected for diversity visas for fiscal year 2025. *Id.* Further, it is alleged that Plaintiffs satisfied the educational requirements of the diversity visa program. *Id.* It is alleged that Plaintiffs timely filed the Applications with USCIS, and that Plaintiffs satisfied "all procedural requirements" with respect to the Applications. *Id.*

It is alleged that USCIS interviewed Plaintiffs on September 23, 2025. *Id.* At the interview, the USCIS officer allegedly stated that the record was complete, that no further evidence was required, and that only routine final checks remained. *Id.*

It is alleged that, on September 26, 2025, USCIS denied Plaintiffs' Applications. *Id.* It is alleged that USCIS provided no "contemporaneous written decision or explanation." *Id.*

It is alleged that diversity visa eligibility for fiscal year 2025 expires at midnight on September 30, 2025, after which, no diversity-based visas may be issued. *Id.*

C. Relief Sought by the Motion

As noted, through the Motion, Plaintiffs seek an injunction requiring USCIS to vacate the denial of the Applications, reopen the Applications, and lawfully adjudicate them by September 30, 2025. *Id.*

## III. Legal Standards

A temporary restraining order is a form of immediate relief whose purpose is to preserve the status quo pending a hearing on a request for a preliminary injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Fed. R. Civ. P. 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is fundamentally the same as the one for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

To obtain either a TRO or a preliminary injunction, the moving party must show the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of immediate relief; (3) the balance of equities tips in favor of the moving party; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. A TRO may not be issued unless subject-matter jurisdiction is satisfied. *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1490-91 (9th Cir. 1990) (upholding denial of injunction based on lack of subject matter jurisdiction).

## IV. Analysis

Because the Immigration and Nationality Act ("INA") precludes jurisdiction in this case, the Motion is **DENIED**.

### A. Statutory Structure

The INA creates an annual allotment of immigrant visas for noncitizens from countries with low rates of immigration to the United States. 8 U.S.C. § 1153(c). These are referred to as "diversity visas." Congress capped the number of diversity visas at 55,000 per fiscal year. *Id.* § 1151(e).

The State Department administers the diversity-visa program each fiscal year. Before the start of each fiscal year, it holds a lottery for applicants from qualifying countries. 22 C.F.R. § 42.33. Persons selected in the lottery process become "eligible" to receive diversity visas "for the fiscal year involved." 8 U.S.C. § 1153(e)(2).

Those persons selected through the lottery do not automatically receive visas. Instead, they must still satisfy all admissibility requirements. *See* 8 U.S.C. § 1182(a). They must also complete the application process and receive a visa before "the end of the specific fiscal year for which they were selected." *Id.* § 1154(a)(1)(*I*)(ii)(II).

Section 1255 of the INA sets forth the circumstances in which the Attorney General of the United States may change a non-immigrant's status to that of permanent residence. Section 1255(a) provides that the government "may" change the status of an admitted alien "to that of an alien lawfully admitted for permanent residence," in its "discretion and under such regulations as [it] may prescribe," if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the U.S. for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a).

### B. 8 U.S.C. § 1252(a)(2)(B)

#### 1. The Scope of Jurisdiction

8 U.S.C. § 1252,which is entitled "Judicial review of orders of removal," governs judicial review of certain immigration-related decisions. It states, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review–
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion

> of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).[1]

As discussed below, subsections (i) and (ii) both apply and preclude jurisdiction in any district court, including this one, to adjudicate Plaintiffs' claims advanced in the Complaint.

2. <u>8 U.S.C. § 1252(a)(2)(B)(i)</u>

Plaintiffs filed Form I-485s to adjust their status pursuant to § 1255. USCIS denied the Applications. Therefore, under 8 U.S.C. § 1252(a)(2)(B)(i), judicial review of the denial by USCIS of those petitions is precluded. *Nakka v. USCIS*, 111 F.4th 995, 1015 (9th Cir. 2024) ("We ultimately agree with our sister circuits that § 1252(a)(2)(B)(i) strips district courts of jurisdiction to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status. This is so even if the plaintiff-applicant had lawful status and was not seeking 'relief from removal.' "); *Hassan v. Chertoff*, 593 F.3d 785, 788–89 (9th Cir. 2010) ("[J]udicial review of the denial of an adjustment of status application—a decision governed by 8 U.S.C. § 1255—is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i)."); *see also Abuzeid v. Mayorkas*, 62 F.4th 578, 583 (D.C. Cir. 2023) ("The district court correctly held that it lacked jurisdiction to review appellants' claims that USCIS violated the APA in denying Dr Abuzeid's applications for adjustment of status. . . . Here, § 1252(a)(2)(B)(i) provides that 'no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [§ 1255] of this title.' Dr. Abuzeid requested adjustment of status under § 1255. Consideration of appellants' APA claim is foreclosed by a straightforward application of § 1252(a)(2)(B)(i) . . . .").

3. <u>8 U.S.C. § 1252(a)(2)(B)(ii)</u>

Under § 1255(a), the agency "may . . . in [its] discretion" adjust the applicant's status, which indicates that adjustment of status is a decision committed to the discretion of USCIS. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1029 (9th Cir. 2010) ("Adjustment of status is a discretionary form of relief."). Here, USCIS exercised its discretion to deny the Applications. Accordingly, judicial review of such a discretionary determination is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii). *See Hassan*, 593 F.3d at 789 ("[J]udicial review of a discretionary determination is also expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(ii)."); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) ("[T]he decision to deny Petitioner's application for adjustment of status is a discretionary determination, and is therefore unreviewable.").[2]

---

[1] Notwithstanding this provision, the INA preserves the jurisdiction of federal Courts of Appeals (but not district courts) to review "constitutional claims or questions of law raised upon a petition for review" of removal orders. 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."). As stated, this carve-out expressly precludes district court jurisdiction. Further, Plaintiffs have not raised any constitutional claims in the Complaint.

[2] It is significant that, "[t]he majority of courts that have considered requests to compel USCIS to adjudicate similar 'adjustment of status' petitions have held that 'federal court jurisdiction exists pursuant to both the APA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09272-JAK (RAOx) | Date | September 29, 2025 |
| Title | Gayane Shahnazaryan, et al. v. Joseph B. Edlow, et al. | | |

C. Dismissal for Lack of Subject-Matter Jurisdiction

A district court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). District courts may *sua sponte* dismiss an action for lack of subject matter jurisdiction without notice, an opportunity to respond or an opportunity to amend. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985–86 (9th Cir. 2003).

Because § 1252(a)(2)(B) deprives this Court of jurisdiction to review USCIS's denial of Plaintiffs' adjustments of status, this action is **DISMISSED** for lack of subject-matter jurisdiction. *See Rauda v. Jennings*, 55 F.4th 773, 781 (9th Cir. 2022) (affirming denial of TRO where § 1252(g) foreclosed jurisdiction and directing closure of the habeas petition for lack of jurisdiction); *El-Khader v. Perryman*, 264 F. Supp. 2d 645, 650 (N.D. Ill. 2003) (dismissing denial of adjustment of status petition due to § 1252(a)(2)(B)(ii)'s jurisdictional bar), *aff'd sub nom.*, *El-Khader v. Monica*, 366 F.3d 562 (7th Cir. 2004).

## V. <u>Conclusion</u>

For the reasons stated in this Order, the Motion is **DENIED**. This action is **DISMISSED**.

**IT IS SO ORDERED.**

_______ : _______

Initials of Preparer TJ

and the Mandamus Act.' " *Feng v. Beers*, No. 13-cv-02396, 2014 WL 1028371, at *2 (E.D. Cal. Mar. 14, 2014) (quoting *Houle v. Riding,* No. 07-cv-1266, 2008 WL 223670, at *4 (E.D. Cal. Jan. 28, 2008)). However, such claims are premised on an alleged breach by USCIS of its nondiscretionary duty to act on applications by holding them in abeyance for unreasonable periods of time. In contrast, the Complaint and the Motion seek an order both requiring USCIS to act, and to overturn the discretionary decision it already made. The latter is expressly foreclosed by 8 U.S.C. § 1252(a)(2)(B)(i), (ii).